UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOUGLAS LEWIS,

    Petitioner,

v.                                        Case No. 8:02- CV-1844-T-27TBM

JAMES V. CROSBY, JR.,[1]

    Respondents.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1997 conviction for dealing in stolen property entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent filed a response to the petition (Dkt. 7), and Petitioner has filed a reply thereto (Dkt. 8) and an affidavit in support thereof (Dkt. 11). The matter is now before the Court for consideration of the merits of the petition.

### Background

Petitioner was charged with third degree grand theft (Count I) and dealing in stolen property (Count II) (Dkt. 7, Ex. 20, Vol. I at R. 5-8). Represented by counsel, Petitioner proceeded to a trial by jury (Dkt. 7, Ex. 20, Vol. I at R. 9; 13-16). The jury returned a verdict of guilty on both charges (Dkt. 7, Ex. 20, Vol. I at R. 37). On September 24, 1997,

---

[1] James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure

the trial court dismissed Petitioner's grand theft conviction, see Burrell v. State, 601 So.2d 628, 630 (Fla. 2d DCA 1992), and sentenced him as an habitual felony offender to a term of 15 years in prison (Dkt. 7, Ex. 20, Vol. I at R. 41-48).

The assistant public defender appointed to represent Petitioner on direct appeal filed an *Anders*[2] brief identifying the following potential issues: (1) whether there was legally sufficient evidence to convict Petitioner; (2) whether the trial court erred in denying the defense request for a jury instruction on circumstantial evidence; and (3) whether the trial court erred in sentencing Petitioner as an habitual felony offender (Dkt. 5, Ex. 1 at 5). Petitioner, acting *pro se*, filed a supplemental brief raising seven issues (Dkt. 5, Ex. 2). The appellate court affirmed, *per curiam*, without written opinion, Petitioner's conviction and sentence on February 24, 1999. See Lewis v. State, 731 So.2d 664 (Fla. 2d DCA 1999) (table decision). The mandate issued on March 15, 1999 (Dkt. 5, Ex. 6).

On July 22, 1999, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 5, Ex. 7). Petitioner raised 12 claims for relief, 7 of which alleged that trial counsel was ineffective. *Id.* On September 12, 2000, the trial court summarily denied the motion (Dkt. 5, Ex. 8).

Petitioner filed a second Rule 3.850 motion on September 22, 2000. Captioning it as an "Amended" Motion for Post-Conviction Relief, Petitioner raised seven claims for relief. The trial court entered a written order on March 27, 2001, denying the amended

---

[2] An *Anders* brief is filed by a court-appointed defense attorney who wants to withdraw from the case on appeal based on a belief that the appeal is frivolous. In an *Anders* brief, the attorney seeking to withdraw must identify anything in the record that might arguably support the appeal. The court then decides whether the appeal is frivolous and whether the attorney should be permitted to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967).

2

motion as successive (Dkt. 5, Ex. 10). The appellate court affirmed the trial court's decision on October 19, 2001, per curiam, without written opinion (Dkt. 5, Ex. 15), with the mandate issuing on February 12, 2002 (Dkt. 5, Ex. 18). *See Lewis v. State*, 810 So.2d 940 (Fla. 2d DCA 2001) (table decision).

Petitioner filed the present petition on October 7, 2002 (Dkt. 1). He raises the following claims for relief in the petition:

1. Trial counsel was ineffective for failing to challenge a prospective juror;

2. Trial counsel was ineffective for failing to advise Petitioner of his rights concerning testifying in his own behalf;

3. Trial counsel was ineffective for failing to request a proper jury instruction or object to an improper jury instruction;

4. The trial court denied Petitioner due process by improperly instructing the jury; and

5. Trial counsel was ineffective for failing to protect Petitioner's rights to due process by stipulating to certain facts.

Dkt. 1. Respondent acknowledges that the petition is timely but argues that Petitioner's claims should be denied because he has failed to make the showing necessary for relief under 28 U.S.C. §§ 2254(d)-(e) (Dkt. 8 at 1). Having reviewed the record, the parties arguments, applicable statutes, and controlling case law, the Court agrees.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

3

U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell,* 353 F.3d 880, 889-90 (11th Cir. 2003).

Pursuant to § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent,* 538 U.S. 634, 638-39 (2003); *Clark v. Crosby,* 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dept. of Corrs.,* 278 F.3d 1245, 1255 (11th Cir. 2002).

Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza,* 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision

4

contradicts them.'" *Id.* at 16 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted). A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claim. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

**Procedural Default**

In Ground Five, Petitioner asserts that trial counsel was ineffective for stipulating that: (1) Petitioner was inside the victim's apartment the day the crime occurred; (2) Petitioner pawned a ring at Cash America Pawn Shop that was later proven to belong to the victim; and (3) Petitioner's fingerprint was found on the pawn shop ticket (Dkt. 7, Ex. 20, Vol. II at Tr. 74-75). Petitioner raised this claim in his second Rule 3.850 motion. The trial court entered a written order finding the claims raised in the second motion for post-conviction relief impermissibly successive, and therefore procedurally barred under state law.

In addressing a finding by the state court of procedural fault, the Eleventh Circuit has held that:

5

> To obtain a writ of habeas corpus under §§ 2254, a petitioner must not have procedurally defaulted his federal claims in the state courts. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 82-85, 97 S.Ct. 2497, 2504-06, 53 L.Ed.2d 594 (1977). "Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Johnson v. Singletary,* 938 F.2d 1166, 1173 (11th Cir.1991) (en banc) (citing *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989)).

*Johnson v. Alabama,* 256 F.3d 1156, 1170-71 (11th Cir. 2001). *See also Stewart v. LaGrand,* 526 U.S. 115 (1999) (holding that where state court held that the petitioner's ineffective-assistance arguments were barred pursuant to a state procedural rule, the petitioner must demonstrate cause or prejudice).

In the present case, Petitioner does not address Respondent's assertion that Ground Five is procedurally defaulted, much less discuss the merits of his claim, in his reply to the response. Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has failed to make a colorable showing of actual innocence. The Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. It would, therefore, be improper for the Court to address the merits of this claim. *See Kight v. Singletary,* 50 F.3d 1539, 1543 (11th Cir. 1995) ("Absent a showing of cause and prejudice, federal habeas courts may not reach the merits of '*procedurally defaulted claims* in which the petitioner failed to follow applicable state procedural rules in raising the claims' " (emphasis in original) (citation omitted).

**Ineffective Assistance of Counsel Claims**

Having been raised in Petitioner's Rule 3.850 motion and the appeal of the trial court's decision denying the motion, Grounds One, Two, and Three are properly before the Court. In each of these claims, Petitioner asserts that he was denied his Sixth Amendment

right to effective assistance of counsel.

According to clearly established federal law enunciated by the United States Supreme Court, to establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

In its order denying Petitioner's ineffective assistance of counsel claims, the trial court stated:

> When a claim of ineffective assistance of counsel is alleged, a defendant must show: (1) counsel's specific acts of omissions which were so egregious as to constitute a failure to provide "counsel" under the Sixth Amendment; and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 90 L.Ed. 2d 674 (1984).

Dkt. 5, Ex. 8 at 4. In rejecting Petitioner's claims on the merits, the trial court applied the correct standard of review for ineffective assistance of counsel claims, as enunciated by the United States Supreme Court. *See Strickland v. Washington*, 466 U.S. at 687. Thus, to establish that he is entitled to relief on these claims, Petitioner must establish that the trial court incorrectly applied the *Strickland* standard in reaching its determination that the claims raised in his Rule 3.850 motion lack merit. *See Parker v. Sec. for Dep't of Corrs.*, 331 F.3d 764, 766 (11th Cir. 2003), *cert. denied*, 540 U.S. 1222 (2004).

**Ground One**

In Ground One, Petitioner asserts that trial counsel was ineffective for failing to use

7

a peremptory challenge to strike Charles Haneca, who Petitioner asserts demonstrated a "contingent inability to be a fair juror" (Dkt. 1 at 5A). The trial court summarily denied this claim, finding that Petitioner failed to establish prejudicial error, as required by *Strickland*, because he explicitly consented to seating the jury.

During voir dire, trial counsel queried the venire: "Anybody have any questions? Something I might have said that didn't sit right or you think brought something to mind or you just want to air something out" (Dkt. 7, Ex. 20, Vol. II at Tr. 35). Haneca stated: "I am not positive but I have been looking at the gentleman, and I know him personally. It's not coming to me where. I think I have seen him before." When trial counsel responded "[y]ou are not sure but it might influence your decision," Haneca stated "I am not sure it would influence me." Trial counsel then asked "is that going to affect you from listening to this case?" Haneca responded, "[t]hat depends if I know him from somewhere" (Dkt. 7, Ex. 20, Vol. II at Tr. 37).

Petitioner asserts that he opposed having Haneca as a juror and instructed trial counsel to remove him. When the venire members were removed from the courtroom, trial counsel moved to strike Haneca for cause based on his statement that he might know Petitioner (Dkt. 7, Ex. 20, Vol. II at Tr. 39-40). Asserting that knowing somebody would not necessarily "affect somebody's ability to be fair and impartial," the State argued that Haneca's response that he "may personally know" Petitioner was insufficient grounds for cause. The trial court agreed and denied trial counsel's request to strike Haneca. Trial counsel did not use a peremptory challenge to strike Haneca, and he was later selected jury foreman.

Petitioner acknowledges that trial counsel conferred with him regarding Haneca's responses during voir dire. It is equally apparent from the record that Petitioner was present when trial counsel's request that Haneca be stricken for cause was denied (Dkt.

7, Ex. 20, Vol. II at Tr. 39-40). This is not a case where trial counsel relied on his client's implicit acquiescence to the seating of the jury panel. To the contrary, having been informed by the trial court that Haneca was one of the six venire members selected to serve on the jury panel, Petitioner gave his explicit consent, in open court, to the seating of the jury (Dkt. 7, Ex. 20, Vol. II at Tr. 42). Exactly when Petitioner decided to abandoned his objection to Haneca or what motivated that decision is not known. Notably, Petitioner does not assert that he was coerced or otherwise improperly influenced to consent to seating the jury or that there was some impropriety in the jury selection process. With no evidence to the contrary, the Court concludes that Petitioner's decision to withdraw his objection to Haneca serving on the jury was the product of a free and deliberate choice.

Petitioner has adduced no evidence other than the transcript of the jury selection proceeding to support his claim that trial counsel was ineffective for failing to strike Haneca from the jury pool. There is a strong presumption in favor of competence, and Petitioner must establish that no competent attorney would have taken the action that trial counsel, here, chose. Petitioner fails to meet this burden.

The trial court's finding that there was no showing of prejudice was reasonable under these circumstances and is entitled to deference. Any claim that Petitioner was prejudiced by trial counsel's decision not to exercise a peremptory challenge to strike Haneca is overcome by Petitioner's consent to having Haneca serve as a juror.

Having failed to meet either prong of the *Strickland* test, Petitioner has not demonstrated that he was deprived of his Sixth Amendment right to effective assistance of counsel. The trial court's decision that Petitioner was not entitled to relief on this claim is not contrary to, or an unreasonable application of, clearly established Federal law or in an unreasonable determination of the facts of Petitioner's case. 28 U.S.C. § 2254(d).

**Ground Two**

In Ground Two, Petitioner complains his trial counsel was ineffective for failing to inform him that it was "ultimately his choice whether to testify or not." Petitioner was one of the maintenance people servicing the building in which the victim lived. On the day the victim's ring was taken, Petitioner was inside her apartment. Shortly thereafter, Petitioner pawned the victim's ring. Petitioner's defense was that he found the ring on the ground outside the building. He was alone at the time, so there was no witness to support his defense. Petitioner was aware that if he testified the prosecutor could ask him if he had any prior felony convictions. He had eight prior convictions, several of which were for burglary.

Petitioner contends that before the trial commenced, trial counsel told him that "in order to win you are going to have to testify." According to Petitioner, he informed trial counsel that he did not think it "would be a good idea based on [his] lengthy criminal history" (Dkt. 8 at 14). Trial counsel responded: "That won't matter. You are going to testify." Petitioner states that he only testified because he thought he had no choice.

Again, the transcript belies Petitioner's claim. Once the State rested its case, trial counsel informed the trial court that Petitioner would testify. The trial court then conducted the following colloquy:

> Court: Mr. Lewis, the court has received all the evidence in this case up to this point. *It's your absolute constitutional right to testify if you so choose.* Is that what you want to do here today?
>
> Defendant: Yes.
>
> Court: Did you have enough time to talk about the consequences of your taking the stand with your attorney?
>
> Defendant: Yes.
>
> Court: Do you understand you will be subject to cross examination?
>
> Defendant: Yes.

10

> Court: And you will be placed under oath before you give any testimony whatsoever?
>
> Defendant: Right.
>
> Court: All right. You decide to testify here today?
>
> Defendant: Yes.

Dkt. 7, Ex. 20, Vol. II at Tr. 76 (emphasis added). During direct examination, trial counsel asked Petitioner if he had any prior felony convictions. Petitioner stated that he had "about eight." *See* Dkt. 7, Ex. 20, Vol. II at Tr. 87. At the close of cross-examination, the prosecutor asked Petitioner: "You have had about eight felony convictions?" Petitioner responded, "Yes." *Id.* at Tr. 89. No further inquiry was made.

Accepting, *in arguendo*, the assertion that trial counsel made the statements Petitioner attributes to him, Petitioner's claim lacks merit. If Petitioner did not know before he appeared before the trial court that it was his right to choose whether to testify, he was given that information before he informed the trial court that he would be taking the witness stand. Thus, any deficiency in trial counsel's performance in this regard was cured, and Petitioner made an informed choice to testify.

The trial court's finding that the record refutes this claim is objectively reasonable. Having failed to establish that the trial court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, Petitioner has not demonstrated that he is entitled to federal habeas relief on this claim.

**Ground Three**

Petitioner next asserts that trial counsel was ineffective for failing to insure that the jury was properly instructed. For reasons discussed below, Petitioner is not entitled to habeas relief on this claim.

11

Petitioner was charged by information with grand theft and dealing in stolen property. The charges involved the same property. Under Florida law, the State was not required to elect between these counts. *See* Fla. Stat. § 812.025 (1995).[3] Florida courts are, however, required to instruct the jury that guilty verdicts cannot be returned as to both counts. *See* Fla. R. Crim. P. 3.505. The trial court instructed the jury that:

> A separate crime is charged in each count of the information and, although they have been tried together, each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crime(s) charged.

Dkt. 7, Ex. 19, Vol. II at 115. The trial court failed to instruct the jury that it could not return a guilty verdict on both charges. The jury found Petitioner guilty of both grand theft and dealing in stolen property.

Petitioner argues that had the jury been properly instructed, he might have been acquitted on both charges. This is one of several claims Petitioner raised in his Rule 3.850 motion related to the trial court's jury instructions. The trial court addressed the claims together, finding that Petitioner was not prejudiced by the failure to instruct the jury that it could only convict Petitioner of one of the two charges because the record reflects that the grand theft charge was dismissed by operation of law on September 24, 1997, pursuant to Fla. Stat. § 812.025 (1995) (Dkt. 5, Ex. 8).

Florida appellate courts have determined that where the trial court fails to instruct the jury that the defendant cannot be convicted of both grand theft and dealing in stolen property if the charges involve the same property and the defendant is <u>sentenced</u> on both convictions, it is appropriate to dismiss the conviction for the lower degree of felony (grand

---

[3] "Not withstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other but not both of the counts."

12

theft) and leave the conviction for the greater degree of felony (dealing in stolen property) intact. See, e.g., *Drew v. State*, 861 So.2d 110 (Fla. 1st DCA 2003); *Bishop v. State*, 718 So.2d 890 (Fla. 2d DCA 1998); *Blair v. State*, 667 So.2d 834 (Fla. 4th DCA 1996), *approved*, 698 So.2d 1210 (Fla.1997); *T.S.R. v. State*, 596 So.2d 766, 67-68 (Fla. 5th DCA 1991); *Duncan v. State*, 503 So.2d 443 (Fla. 2d DCA 1987); *Repetti v. State*, 456 So.2d 1299 (Fla. 2d DCA 1984); *Victory v. State*, 422 So.2d 67 (Fla. 2d DCA 1982); *Hudson v. State*, 408 So.2d 224 (Fla. 4th DCA 1981), *G.M. v. State*, 410 So.2d 659 (Fla. 3d DCA 1982). In the present case, by dismissing the grand theft charge, the trial court cured the error it made in failing to give the proper instruction.

In his petition, Petitioner asserts that the trial court's failure to properly instruct the jury violated Florida's "rule" requiring that the jury be instructed that it could only convict him of one of the two charges. In his reply to the response, Petitioner expands the scope of his claim, asserting that by giving the wrong instruction, the trial court violated the Double Jeopardy Clause ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb").

Enforceable against the States through the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction, as well as against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Here, Petitioner was not subjected to a second prosecution after acquittal or conviction or multiple punishments for the same offense. The Supreme Court has recognized that while the "Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Ohio v. Johnson*, 467 U.S. 493 500 (1984).

13

Moreover, a conviction of theft and dealing in stolen property under Florida law does not arise from a violation of the double jeopardy clause because each offense has an essential element that the other lacks, thus satisfying the *Blockburger* test,[4] codified at Fla. Stat. § 775.021(4). *See Blair v. State*, 667 So.2d 834 (Fla. 4th DCA 1996), *approved*, 698 So.2d 1210 (Fla.1997).

Since Petitioner was only adjudicated guilty of dealing in stolen property, he cannot show prejudice resulting from the trial court's failure to give the proper jury instruction. Thus, Petitioner fails to satisfy the second prong of the *Strickland* test. Petitioner has failed to carry his burden of demonstrating that the trial court's disposition of this claim was contrary to or an unreasonable application of federal constitutional law.

**Trial Court Error**

In Ground Four, a corollary to Ground Three, Petitioner alleges the trial court denied him his right to due process by incorrectly instructing the jury that they could convict him of both grand theft and dealing in stolen property, contrary to Fla. Stat. § 812.025 (1995). "A petitioner is not entitled to habeas relief based on trial error unless . . . it resulted in actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *Brecht* continues to apply on habeas review even after AEDPA. *See Ventura v. Attorney General, Fla.*, 419 F.3d 1269, 1279 n.4 (11th Cir. 2005) (citations omitted). As discussed above, Petitioner cannot demonstrate actual prejudice because his conviction for grand theft was dismissed by operation of law.

The trial court's decision on Petitioner's claim was not "contrary to" clearly established federal law as determined by the United States Supreme Court, nor did it involve an "unreasonable application" of such law. 28 U.S.C. § 2254(d)(1). Petitioner has failed to establish any grounds for federal habeas relief on this issue.

---

[4] *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** this 10th day of February, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copy furnished to:
All Parties of Record
SA:jsh